```
       CCPCVMN              SUPREME COURT - STATE OF NEW YORK      DATE: 04/16/2008
INDEX NO: 106547 2005           NEW YORK COUNTY CLERK             TIME: 11:15:20
PURCHASE: 05112005         CIVIL INDEX MINUTE BOOK INQUIRY

PLAINTIFF NAME: CADWELL SAMUELLA D    DEFENDANT NAME: PFIZER INC
        ATTORNEY: RONALD R. BENJAMIN       ATTORNEY: UNKNOWN
                  126 RIVERSIDE DRIVE
                  BINGHAMTON, NEW YOR
                  1-607 772-1442
SEQ   DATE                     MINUTES
0001  05112005                 SUMMONS AND COMPLAINT


0001  06232005                 ACKNOWLEDGEMENT OF RECEIPT


0001  07112005                 ANSWER
                               REQUESTS

0001  03062008                 PARTIAL DISMISSAL STIPULATION WITH PRE-
                               JUDICE AGAINST PFIZER DEFENDANTS

                                           NEXT INDEX NUMBER:           /
  F2=PRINT  F3=EXIT  F5=VIEW NEXT  F7=BACKWARD  F8=FORWARD  F12=EXIT MAIN
```

## COUNTY CLERK, NEW YORK COUNTY

Application for INDEX NUMBER pursuant to Section 8018,
C.P.L.R.

### FEE $210.00

| INDEX NUMBER |
| --- |
| Do not write in this space |

Space below to be TYPED or PRINTED by applicant

## TITLE OF ACTION OR PROCEEDING

CHECK ONE

SAMUELLA D. CADWELL and ALBERT D.
CADWELL, WILBERT E. CORPREW, et ux. CAROL
CORPREW, ELSA PLOCEK, et ux. MARIAN
PLOCEK, and RONALD H. SCHAFFER, et ux.
BEVERLY SCHAFFER,

Plaintiffs,

-against-

PFIZER, INC., PHARMACIA CORPORATION, a
wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a wholly-
owned subsidiary of PHARMACIA CORPORATION,
and MERCK & CO., INC.,

Defendants.

|  | COMMERCIAL ACTION |  | ✓ NOT COMMERCIAL ACTION |
| --- | --- | --- | --- |
|  | CONSUMER CREDIT TRANSACTION |  | ✓ NOT CONSUMER CREDIT TRANSACTION |
|  | THIRD PARTY ACTION |  | ✓ NOT THIRD PARTY ACTION |

**IF THIRD PARTY ACTION
MAIN INDEX NO.**

05106547

Name and address of
Attorney for Plaintiff
or Petitioner.
Telephone No.

*LAW OFFICES OF RONALD R BENJAMIN*
*126 RIVERSIDE DRIVE PO BOX 607*
*BINGHAMTON NY 13902        607-772-1442*

Name and address of
Attorney for Defendant
or Respondent.
Telephone No.

A.   Nature and object of action or
     Nature of special proceeding        *Negligence*

B.   Application for Index Number filed by:   Plaintiff ☐   Defendant ☐
C.   Was a previous Third Party Action filed   Yes ☐   No ☐
     Date filed



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

05106547

--------------------------------------------------------

SAMUELLA D. CADWELL and ALBERT D.
CADWELL, WILBERT E. CORPREW, et ux. CAROL
CORPREW, ELSA PLOCEK, et ux. MARIAN
PLOCEK, and RONALD H. SCHAFFER, et ux.
BEVERLY SCHAFFER,

**SUMMONS**

Plaintiff designates **New York County** as
place of trial based on defendants' principal
place of business
Index No.:
Date Filed:

                            Plaintiffs,

        -against-

PFIZER, INC., PHARMACIA CORPORATION, a
wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a wholly-
owned subsidiary of PHARMACIA CORPORATION,
and MERCK & CO., INC.,

**FILED**

**MAY 11 2005**

**NEW YORK**
**COUNTY CLERK'S OFFICE**

                            Defendants.

--------------------------------------------------------

TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's undersigned attorney within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: April 28, 2005
        Binghamton, New York

Plaintiffs' residences are:
Samuella and Arthur Cadwell, 583 Kent Street, Windsor, New York 13865
Wilbert and Carol Corprew, 402 Beckwith Avenue, Endwell, New York 13760
Elsa and Marian Plocek, 321 Norton Avenue, Endicott, New York 13760
Ronald and Beverly Schaffer, 42 Frederick Drive, Apalachin, New York 13732

Defendants' Addresses:
Pfizer Inc., 245 E. 42nd Street, New York, NY 10017-5755
Pharmacia Corporation, 100 Route 203, North Peapack, NJ 07977
Pharmacia & Upjohn Company, Tax Dept., 88-106, 7000 Portage Road, Kalamazoo, MI 49001
Merck & Co., Inc., One Merck Drive, P.O. Box 100 WS3AB-05, Whitehouse Station, NJ 08889-0100

Ronald R. Benjamin, Esq.
**LAW OFFICES OF RONALD R. BENJAMIN**
Attorney for Plaintiff
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607
(607) 772-1442

STATE OF NEW YORK: SUPREME COURT
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - -

SAMUELLA CADWELL and ALBERT D. CADWELL,
WILBERT E. CORPREW, et ux. CAROL CORPREW,
ELSA PLOCEK, et ux. MARIAN PLOCEK, and
RONALD H. SCHAFFER, et ux. BEVERLY SCHAFFER,

**COMPLAINT** 05106547

Plaintiffs,

-vs-

Index No. :

PFIZER, INC., PHARMACIA CORPORATION, a wholly-
own subsidiary of PFIZER, INC., and PHARMACIA &
UPJOHN COMPANY, a wholly owned subsidiary of
PHARMACIA CORPORATION, and
MERCK & CO, INC,

Date Filed:



**FILED**

MAY 11 2005

NEW YORK
COUNTY CLERKS OFFICE

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs SAMUELLA CADWELL, ALBERT D. CADWELL, WILBERT E. CORPREW,

CAROL CORPREW, ELSA PLOCEK, MARIAN PLOCEK, RONALD H. SCHAFFER, and

BEVERLY SCHAFFER, by and through counsel, the Law Office of Ronald R. Benjamin,

complaining of each defendant, allege as follows:

1.  Plaintiffs are and at all times relevant herein were residents of and domiciled in the State

of New York.

2.  Upon information and belief, defendant PFIZER INC., is a Delaware corporation with its

principal place of business located at 235 East 42nd Street, New York, New York, and is authorized

to do and doing business in the State of New York with the county of its principal office registered as

New York County.

3.  Upon information and belief, defendant PHARMACIA & UPJOHN COMPANY is a

wholly-owned subsidiary of PHARMACIA CORPORATION, and at times relevant to this

complaint, each was a foreign corporation incorporated in the State of Delaware, and authorized to do business in the State of New York, registered in or with its principal office located in New York County.

4.    Upon information and belief, as the result of a corporate merger between Pfizer, Inc., and Pharmacia Corporation in or about April 2004, Pharmacia Corporation which is a wholly-owned subsidiary of Pfizer, Inc., and, as a result thereof, Pfizer, Inc., is legally responsible for all obligations, debts and liabilities of Pharmacia Corporation and Pharmacia & Upjohn Company, and is the successor in interest and real party to Pharmacia Corporation and Pharmacia & Upjohn Company (hereafter collectively referred to as "Pfizer defendants").

5.    Upon information and belief, at all times relevant hereto defendant MERCK & CO. INC. (hereafter "Merck" or defendant), was and is a foreign corporation by virtue of being incorporated in New Jersey, and has its principal place of business at One Merck Drive, P.O. Box 100, WS3AB-05 Whitehouse Station, New Jersey 08889-01000, and is authorized to do business in the State of New York, with its registered principal office located at 111 Eighth Avenue, New York, NY 10011, in the County of New York.

6.    At all relevant times herein mentioned the Pfizer defendants engaged in the design, manufacture, production, testing, study, research, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of their pharmaceutical products including the non-steroidal anti-inflammatory arthritis and acute pain medications **CELEBREX (celecoxib)** and **BEXTRA (valdecoxib)**, which are selective inhibitors of cyclo-oxygenase 2 (COX-2), for ultimate sale and/or use in the United States of America as well as in countries throughout the world.

7.    At all relevant times herein mentioned defendant Merck engaged in the design, manufacture, production, testing, study, research, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of pharmaceutical products including the non-

steroidal anti-inflammatory arthritis and acute pain medication **VIOXX (rofecoxib)**, a selective COX-2 inhibitor, for ultimate sale and/or use in the United States of America as well as in countries throughout the world.

8.    Each of the defendants are liable for the acts and transactions complained of herein that occurred and injured plaintiffs in and thus had consequences in the State of New York.

9.    Upon information and belief, each of the defendants used a wide range of marketing methods to promote the aforesaid products and place the same in the stream of commerce, including, but not limited to, sponsoring medical journals to promote the alleged benefits of their products, using sales representatives including detailmen to call to on physicians throughout the country to encourage them to prescribe each of the defendants' products, sponsoring continued medical education programs for the express purpose of promoting their products, hiring experts in the field to speak to physicians for purposes of promoting their products, by direct advertisements to consumers and end- users of the products, and by utilizing the media to promote the alleged benefits of the products.

10.    Upon information and belief, each of the defendants engaged in extensive advertising and promotional activity which indicated their drugs were efficacious for treating and safe to use, and published a description of their respective drugs in the Physician's Desk Reference for use by doctors in determining whether to prescribe said drugs to patients, including plaintiffs.

11.    Upon information and belief, due to defendant's promotional activity with respect to the aforesaid products, each injured plaintiff was prescribed the drugs based on the belief the same were safe to use and unlikely to subject him or her to serious side effects as a result thereof.

12.    Upon information and belief, had each of the defendants carried out proper testing on their products it would have realized the risks of using their products included cardiovascular events including but not limited to heart attack, stroke and thromboembolism, and that the risks far

outweighed any alleged benefits from the products.

13. Upon information and belief, each of the defendants, through its agents, employees and representatives, engaged in intentional efforts to hide and withhold from the public safety concerns expressed by its own officials and researchers linking the aforesaid drugs to increased heart risks.

14. In reliance on the same, the injured plaintiffs SAMUELLA CADWELL, ARTHUR D. CADWELL, WILBERT E. CORPREW, ELSA PLOCEK, and RONALD H. SCHAFFER ingested the drugs and continued ingesting the drugs for a period of time as instructed by their respective prescribing physicians.

15. For a period of time starting in or about 1999 and continuing thereafter at various times, injured plaintiff SAMUELLA CADWELL ingested the drugs Vioxx and Celebrex as directed by her physicians and in accordance with the respective manufacturer's instructions.

16. For a period of time starting in or about 1999 and continuing thereafter at various times, injured plaintiff ARTHUR D. CADWELL ingested the drugs Vioxx and Celebrex as directed by his physicians and in accordance with the respective manufacturer's instructions.

17. For a period of time starting in or about 2003 and continuing thereafter at various times, injured plaintiff WILBERT E. CORPREW ingested the drugs Vioxx and Celebrex as directed by his physicians and in accordance with the respective manufacturer's instructions.

18. For a period of time starting in or about 2002 and continuing thereafter at various times, injured plaintiff ELSA PLOCEK ingested the drugs Vioxx and Bextra at the direction of her physicians and in accordance with the respective manufacturer's instructions.

19. For a period of time starting in or about 2002 and continuing thereafter at various times, injured plaintiff RONALD H. SCHAFFER ingested the drugs Vioxx and Bextra at the direction of his physicians and in accordance with the respective manufacturer's instructions.

20. On September 30, 2004 , Merck & Co., Inc. announced a voluntary withdrawal of Vioxx

from the U.S. and worldwide market due to safety concerns of an increased risk of cardiovascular

events (including heart attack and stroke) in patients on Vioxx, and thereafter further studies called

into question the safety of both Celebrex and Bextra with regard to increased cardiovascular risks.

21.  As a direct and proximate result of the conduct of each of the defendants, the injured

plaintiffs sustained severe injuries, which, upon information and belief, are permanent in nature.

22.  By reason of the foregoing, each of the injured plaintiffs sustained great pain and

suffering, and continued to sustain great pain and suffering for a lengthy period of time, and

sustained great anxiety and fear of additional adverse medical consequences, and will continue to so

suffer in the future.

23.  By reason of injuries caused by ingestion of the aforesaid drugs, the injured plaintiffs

each incurred or may be obligated to pay monies for medical expenses.

24.  The injuries sustained by the aforesaid plaintiffs and the damages resulting therefrom

were caused solely by the defendants' defective products without any fault on the part of the plaintiffs

contributing hereto.

25.  Plaintiffs allege that the limitations on liability set forth in CPLR § 1601 do not apply

under the exemptions set forth in CPLR §§ 1602(5), 1602(7) and 1602(11).

26.  In the event applicable, plaintiffs rely on the provisions of CPLR §214-c(4).

## AS AND FOR A FIRST CAUSE OF ACTION
## (NEGLIGENCE AND GROSS NEGLIGENCE)

27.  Plaintiffs reallege and incorporate herein as if fully set forth herein the allegations in the

preceding  paragraphs 1 through 29 of this complaint.

28.  Each of the defendants knew or should have known with the exercise of reasonable care

that the products complained of are unreasonably dangerous products, and nevertheless promoted

and placed said products into the stream of commerce.

29.  Prior to the time the injured plaintiffs ingested the products as aforesaid, each of the

defendants knew or should have known that a significant portion of the users of the products would be subject to a significant risk and increased risk of serious side effects, including cardiovascular disease and stroke.

30.   Upon information and belief, each of the defendants failed to carry out adequate investigation including, but not limited to, failing to adequately test their respective products.

31.   Each of the defendants was further grossly negligent and evinced a reckless disregard for the safety of persons who would be using said products by downplaying , minimizing, and otherwise failing to warn the medical profession , the public in general and each plaintiff in particular about the serious and deadly side effects of their products, while at the same time promoting the drugs on the basis of minor alleged benefits and unsubstantiated or false claims as to efficacy for pain management.

32.   As a direct and proximate result of the negligence of each of the defendants, the injured plaintiffs were  harmed and sustained the injuries as aforesaid due to ingesting the products over a period of time.

33.   As a result of the foregoing, each of the injured plaintiffs is entitled to compensatory damages from  each of the defendants, and to exemplary damages from each of the defendants.

## AS AND FOR A SECOND CAUSE OF ACTION
### (STRICT LIABILITY)

34.   Plaintiffs incorporate by reference and  reallege all preceding paragraphs as if fully set forth herein and further allege the following.

35.   At all times herein mentioned, the defendants' respective products were dangerous and defective, in that any  benefit from said products was outweighed by the serious and deadly side effects of said drugs.

36.   Each of the defendants placed said products into the stream of commerce with reckless disregard for the public safety in that it did not carry out adequate testing, did not timely or adequately

continue to test and monitor the safety of the drugs, or take other reasonable steps to assure the products were efficacious for the purpose for which they were intended without subjecting the user to significant and harmful side effects as aforesaid.

37. Each of the defendants are strictly liable for the harm the injured plaintiffs sustained as a result of ingesting the products as aforesaid.

38. As a result of reckless disregard for the public welfare and welfare of each plaintiff in particular, each of the plaintiffs is entitled to exemplary damages from each of the defendants in addition to compensatory damages sustained as a result of each of the defendants' conduct.

## AS AND FOR A THIRD  CAUSE OF ACTION
## (MISREPRESENTATION  AND FAILURE TO WARN)

39. Plaintiffs incorporate by reference and reallege all preceding paragraphs as if fully set forth herein and further allege the following.

40. Beginning prior to the time the plaintiffs herein ingested the drugs as aforesaid, each of the defendants engaged in a strategy involving aggressively marketing and selling the aforesaid products by falsely misleading potential users as to the safety of the drugs, by promoting the drugs based on unsubstantiated safety claims, and by failing to protect users from serious dangers which each of the defendants knew or should have known to result from use of said products.

41. By use of affirmative misrepresentations and omissions, each of the defendants engaged in promotional or advertising programs that falsely and fraudulently sought to create the image and impression that the the aforesaid drugs were safe, known to be safe or had minimal risks to the public and each plaintiff in particular.

42. Upon information and belief, each of the defendants understated downplayed or withheld information concerning health hazards and risks associated with the drugs, as well as the lack of adequate testing and monitoring for safety.

43. Each of the defendants failed to provide adequate warnings and/or information concerning the harms or potential harms of and dangers of the use of said products to the public for whom the drugs were not expressly contraindicated, and diluted any warnings by representing that adverse events were not significant for persons likely to be the users of said drugs.

44. As a direct and proximate result of the aforesaid failure by each of the defendants to provide appropriate warnings and/or instructions, each plaintiff sustained the harm complained of herein.

45. Upon information and belief, at the times relevant to this complaint, each defendant was in possession of information demonstrating serious side effects evidencing the increased risk the drugs posed to patients, or clearly should have been in possession of such information yet continued to market the products by providing false and misleading information with regard to safety as aforesaid, and, despite the same, and despite the fact that there was existing evidence said drugs was in fact dangerous, each defendant downplayed the health hazards and risks associated with the products and in fact deceived the medical community, individual physicians and the public at large including potential users of the products by promoting the same as safe and effective.

46. Upon information and belief, each defendant placed profit concerns over and above the safety of the public.

47. As a result of each defendant's reckless disregard for the public welfare and welfare of each plaintiff in particular, each of the injured plaintiffs is entitled to an award of exemplary damages from each of the defendants in addition to compensatory damages sustained as a result of said conduct.

### AS AND FOR A FOURTH AND SEPARATE CAUSE OF ACTION
### (BREACH OF EXPRESS AND IMPLIED WARRANTIES)

48. Plaintiffs incorporate by reference and reallege all preceding paragraphs as if fully set forth herein and further allege the following.

49. Each of the defendants expressly and impliedly warranted that their aforesaid drugs were safe when used by patients for whom the drugs were not otherwise contraindicated, including the injured

plaintiffs herein.

50.  Each of the defendants breached such express and implied warranties in that their respective drugs are not safe for the purpose for which intended.

51.  As a direct and proximate result of the aforesaid breach of express and implied warranties, each injured plaintiff is entitled to an award of compensatory and to an award of exemplary damages, inasmuch as the breach was in reckless disregard of the public health and safety.

## AS AND FOR A FIFTH AND SEPARATE CAUSE OF ACTION
## (VIOLATION OF NEW YORK BUSINESS CORPORATION LAW § 349)

52.  Plaintiffs incorporate by reference and reallege all preceding paragraphs as if fully set forth herein and further allege the following.

53.  Each defendant's conduct as set forth herein constituted deceptive acts or practices and involved an extensive marketing scheme that had a broader impact on consumers at large.

54.  Each defendant engaged in acts or practices that were deceptive or misleading in that the same were likely to mislead a reasonable consumer acting reasonably under the circumstances to ingest the products and be injured thereby.

55.  Each defendant's acts and practices violated New York's Business Corporation Law § 349.

56.  The injured plaintiffs sustained harm as a direct and proximate result of the deceptive and misleading acts and practices of each of the defendants, and are entitled to compensatory and exemplary damages therefor.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (DERIVATIVE SPOUSAL CLAIM, LOSS OF CONSORTIUM)

57.  Plaintiffs ARTHUR D. CADWELL, SAMUELLA CADWELL., CAROL CORPREW, MARIAN PLOCEK, and BEVERLY SCHAFFER, incorporate by reference and reallege paragraphs 1 through 26 as if fully set forth herein and further allege as the following.

58.  At all times relevant to this complaint the aforesaid plaintiffs ARTHUR D. CADWELL,

SAMUELLA CADWELL,. CAROL CORPREW, MARIAN PLOCEK, and BEVERLY SCHAFFER were and continue to be residents of the State of New York and were and continue to be lawfully married to and residing with the injured plaintiffs SAMUELLA CADWELL, ARTHUR D. CADWELL WILBERT E. CORPREW, ELSA PLOCEK and RONALD H. SCHAFFER, respectively.

59.    By reason of the foregoing, each plaintiff spouse was deprived of the services and consortium of the injured plaintiff, including but not limited to companionship, affection, support and solace, and was caused to suffer a loss of enjoyment of life, all of which caused said plaintiff spouse to be damaged and entitled to judgment against each defendant.

60.    By reason of the foregoing, each plaintiff spouse incurred and was damaged due to medical expenses and other expenses associated with the injured spouse complained of herein.

## RELIEF REQUESTED

WHEREFORE, the plaintiffs demand judgment against the defendants, jointly and severally, as appropriate, on each cause of action as pled herein as follows:

(1) Award each of the injured plaintiffs compensatory damages and exemplary damages against defendants on each of the first through fifth causes of action;

(2) Award each of the plaintiff spouses compensatory damages on the sixth cause of action; and

(3) Award the plaintiffs such other and further relief against the defendants as the Court deems just and proper under the circumstances, including the costs and disbursements of this action.

Dated: April 7, 2005

**LAW OFFICE OF RONALD R. BENJAMIN**
Attorneys for Plaintiffs
126 Riverside Drive, P. O. Box 607
Binghamton, New York 13902-0607
607/772-1442

By: _____
RONALD R. BENJAMIN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

SAMUELLA CADWELL and ALBERT D.  
CADWELL, WILBERT E. CORPREW, et ux.  
CAROL CORPREW, ELSA PLOCEK, et ux.  
MARIAN PLOCEK, and RONALD H.  
SCHAFFER, et ux. BEVERLY SCHAFFER,

                          Plaintiffs,

-against-

PFIZER, INC., PHARMACIA CORPORATION,  
a wholly-owned subsidiary of PFIZER, INC., and  
PHARMACIA & UPJOHN COMPANY, a  
wholly-owned subsidiary of PHARMACIA  
CORPORATION, and MERCK & CO, INC.,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - x

No.: 106547/05

**ANSWER AND JURY DEMAND  
OF DEFENDANT MERCK &  
CO., INC.**

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, answers

the Complaint ("Complaint") herein as follows:

1.    Denies knowledge and information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2.    The allegations contained in paragraph 2 of the Complaint are not directed

toward Merck and therefore no responsive pleading is required.

3.    The allegations contained in paragraph 3 of the Complaint are not directed

toward Merck and therefore no responsive pleading is required.

4.    The allegations contained in paragraph 4 of the Complaint are not directed

toward Merck and therefore no responsive pleading is required.

FILED

JUL 1 1 2005

COUNTY CLERK'S OFFICE  
NEW YORK

NY 957321_1.DOC

5.    Denies each and every allegation contained in paragraph 5 of the Complaint except admits that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and is authorized to do business in the State of New York.

6.    The allegations contained in paragraph 6 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.

7.    Denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products, including VIOXX®, to improve human health and that VIOXX® is a selective NSAID which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxegenase-2 ("COX-2").

8.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 8 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 8 of the Complaint.

9.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 9 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 9 of the Complaint except admits that Merck marketed the prescription medicine VIOXX®.

NY 957321_1.DOC

10.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 10 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 10 of the Complaint, except admits that Merck marketed the prescription medication VIOXX®, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information.    Merck further avers that it provides to the Physicians' Desk Reference a copy for publication of the FDA-approved prescribing information for VIOXX® in effect at the time and respectfully refers the Court to the Physicians' Desk Reference for the actual language and full text of said prescribing information.

11.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 11 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 11 of the Complaint.

12.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 12 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 12 of the Complaint.

13.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 13 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 13 of the Complaint.

14.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 14 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint.

20.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 20 of the Complaint, and denies each and every allegation contained in paragraph 20 of the Complaint and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo. Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

14.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 14 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint.

20.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 20 of the Complaint, and denies each and every allegation contained in paragraph 20 of the Complaint and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo.  Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

21.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 21 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 21 of the Complaint.

22.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 22 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 22 of the Complaint.

23.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 23 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 23 of the Complaint.

24.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 24 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 24 of the Complaint.

25.     The allegations contained in paragraph 25 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the referenced statute for its actual language and full text.

26.     The allegations contained in paragraph 26 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be

deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the referenced statute for its actual language and full text.

### RESPONSE TO "FIRST CAUSE OF ACTION (NEGLIGENCE AND GROSS NEGLIGENCE)"

27.    With respect to the allegations contained in paragraph 27 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 29 of this Answer with the same force and effect as though set forth here in full.

28.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 28 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 28 of the Complaint.

29.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 29 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 29 of the Complaint.

30.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 30 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 30 of the Complaint.

31.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 31 of the

Complaint, and denies each and every allegation directed toward Merck contained in paragraph 31 of the Complaint.

32.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 32 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 32 of the Complaint.

33.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 33 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 33 of the Complaint.

### RESPONSE TO "SECOND CAUSE OF ACTION (STRICT LIABILITY)"

34.    With respect to the allegations contained in paragraph 34 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 33 of this Answer with the same force and effect as though set forth here in full.

35.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 35 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 35 of the Complaint.

36.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 36 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 36 of the Complaint.

NY 957321_1.DOC

37.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 37 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 37 of the Complaint.

38.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 38 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 38 of the Complaint.

## RESPONSE TO "THIRD CAUSE OF ACTION (MISREPRESENTATION AND FAILURE TO WARN)"

39.   With respect to the allegations contained in paragraph 39 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 40 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 40 of the Complaint.

41.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 41 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 41 of the Complaint.

42.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 42 of the

Complaint, and denies each and every allegation directed toward Merck contained in paragraph 42 of the Complaint.

43.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 43 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 43 of the Complaint.

44.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 44 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 44 of the Complaint.

45.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 45 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 45 of the Complaint.

46.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 46 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 46 of the Complaint.

47.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 47 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 47 of the Complaint.

NY 957321_1.DOC

## RESPONSE TO "FOURTH AND SEPARATE CAUSE OF ACTION (BREACH OF EXPRESS AND IMPLIED WARRANTIES)"

48.     With respect to the allegations contained in paragraph 48 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 47 of this Answer with the same force and effect as though set forth here in full.

49.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 49 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 49 of the Complaint.

50.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 50 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 50 of the Complaint.

51.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 51 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 51 of the Complaint.

## RESPONSE TO "FIFTH AND SEPARATE CAUSE OF ACTION (VIOLATION OF NEW YORK BUSINESS CORPORATION LAW § 349)"

52.     With respect to the allegations contained in paragraph 52 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 51 of this Answer with the same force and effect as though set forth here in full.

NY 957321_1.DOC

53.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 53 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 53 of the Complaint.

54.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 54 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 54 of the Complaint.

55.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 55 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 55 of the Complaint.

56.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 56 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 56 of the Complaint.

### RESPONSE TO "SIXTH CAUSE OF ACTION (DERIVATIVE SPOUSAL CLAIM, LOSS OF CONSORTIUM)"

57.     With respect to the allegations contained in paragraph 57 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 26 of this Answer with the same force and effect as though set forth here in full.

58.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Complaint.

NY 957321_1.DOC

59.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 59 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 59 of the Complaint.

60.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 60 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 60 of the Complaint.

## RESPONSE TO "RELIEF REQUESTED"

61.    Plaintiffs' "Relief Requested" section of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in the "Relief Requested" section of Plaintiffs' Complaint and denies that Plaintiffs are entitled to the relief requested.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

62.    Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

63.    The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

64.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

NY 957321_1.DOC

### AS FOR A FOURTH
### DEFENSE, MERCK ALLEGES:

65.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

upon information and belief, such injuries or losses were caused in whole or in part

through the operation of nature or other intervening cause or causes.

### AS FOR A FIFTH
### DEFENSE, MERCK ALLEGES:

66.     To the extent that Plaintiffs assert claims based on Merck's adherence to

and compliance with applicable federal laws, regulations and rules, such claims are

preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR A SIXTH
### DEFENSE, MERCK ALLEGES:

67.     To the extent that Plaintiffs assert claims based upon an alleged failure by

Merck to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®,

such claims are barred under the learned intermediary doctrine because Merck has

discharged its duty to warn in its warnings to the prescribing physician.

### AS FOR A SEVENTH
### DEFENSE, MERCK ALLEGES:

68.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

such injuries or losses were caused in whole or in part by the contributory negligence of

the allegedly injured Plaintiffs.

### AS FOR AN EIGHTH
### DEFENSE, MERCK ALLEGES:

69.     Any liability that might otherwise be imposed upon this defendant is

subject to reduction by the application of the doctrine of comparative negligence.

### AS FOR A NINTH
### DEFENSE, MERCK ALLEGES:

70.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint,
such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and
willfully assumed the risk of any injury as the result of the consumption of,
administration of, or exposure to any drug or pharmaceutical preparation manufactured or
distributed by Merck or other manufacturer.

### AS FOR A TENTH
### DEFENSE, MERCK ALLEGES:

71.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint,
upon information and belief, such injuries and losses were caused by the actions of
persons not having real or apparent authority to take said actions on behalf of Merck and
over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR AN ELEVENTH
### DEFENSE, MERCK ALLEGES:

72.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint,
upon information and belief, such injuries and losses were proximately caused by
Plaintiffs' misuse or abuse of VIOXX®.

### AS FOR A TWELFTH
### DEFENSE, MERCK ALLEGES:

73.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint,
such injuries or losses resulted from Plaintiffs' pre-existing and unrelated medical,
genetic and environmental conditions, diseases, or illnesses, subsequent medical
conditions or natural courses of conditions for which this defendant is not responsible.

NY 957321_1.DOC

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

74.    To the extent that Plaintiffs rely upon any theory of breach of warranty,

such claims are also barred for lack of timely notice of breach and lack of privity and

because the alleged warranties were disclaimed.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

75.    Plaintiffs' claims are barred, in whole or in part, under the applicable state

law because VIOXX® was subject to and received pre-market approval by the Food and

Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

76.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

77.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack

capacity and standing to bring such claims.

## AS FOR AN SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

78.    Plaintiffs' claims are barred in whole or in part because the product at

issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

79.    To the extent that Plaintiffs seek punitive damages for an alleged act or

omission of Merck, any award of punitive damages is barred under the relevant state law.

NY 957321_1.DOC

### AS FOR A NINETEENTH
### DEFENSE, MERCK ALLEGES:

80.    Plaintiffs' demands for punitive damages are barred because VIOXX®

and its labeling was subject to and received pre-market approval by the FDA under 52

Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

81.    Plaintiffs' claims are barred in whole or in part under comment k to

Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTY-FIRST
### DEFENSE, MERCK ALLEGES:

82.    Plaintiffs' claims are barred in whole or in part because Merck provided

legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or

pharmaceutical preparation Plaintiffs allege to have taken within the meaning of

comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTY-SECOND
### DEFENSE, MERCK ALLEGES:

83.    Plaintiffs' claims are barred under Section 4, *et. seq.*, of the Restatement

(Third) of Torts:  Products Liability.

### AS FOR A TWENTY-THIRD
### DEFENSE, MERCK ALLEGES:

84.    Plaintiffs' claims are barred in whole or in part under comment f to

Section 6 of the Restatement (Third) of Torts:  Product Liability.

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

85.    This case is more appropriately brought in a different venue.

NY 957321_1.DOC

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

86.     Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to

allege the circumstances constituting fraud with particularity, as required by Federal Rule

of Civil Procedure 9(b) and Rule 3013 of the New York Civil Practice Law and Rules.

### AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

87.     To the extent Plaintiffs have settled or will in the future settle with any

person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if

any, should be reduced accordingly.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

88.     To the extent Plaintiffs are seeking recovery for benefits entitled to be

received or actually received from any other source for injuries alleged in the Complaint,

such benefits are not recoverable in this action.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

89.     To the extent that Plaintiffs seek punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would also, if granted,

violate Merck's state and federal constitutional rights.

### AS AND FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

90.     Plaintiffs' claims are barred in whole or in part because Plaintiffs have

failed to mitigate the alleged damages.

## AS AND FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

91.    There is no technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: July 8, 2005
New York, New York

Respectfully submitted,

**HUGHES HUBBARD & REED LLP**

By: _____
Theodore V. H. Mayer
Vilia B. Hayes
Robb W. Patryk

One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Defendant Merck & Co., Inc.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                :

SAMUELLA CADWELL and ALBERT D.    :
CADWELL, WILBERT E. CORPREW, et ux.  :
CAROL CORPREW, ELSA PLOCEK, et ux.  :
MARIAN PLOCEK, and RONALD H.      :
SCHAFFER, et ux. BEVERLY SCHAFFER,         **No.: 106547/05**
                :

          Plaintiffs,   :

-against-             :   **AFFIDAVIT OF SERVICE**
                :

PFIZER, INC., PHARMACIA CORPORATION,  :
a wholly-owned subsidiary of PFIZER, INC., and  :
PHARMACIA & UPJOHN COMPANY, a    :
wholly-owned subsidiary of PHARMACIA  :
CORPORATION, and MERCK & CO, INC.,  :
                :
         Defendants.  :

- - - - - - - - - - - - - - - - - - - - - - - - - X

       SARAH A. BINDER, being duly sworn, deposes and says that she is over the age

of 18 years and not a party to this action, that she is associated with the firm of Hughes Hubbard

& Reed, counsel for Defendant, and that, on July 11, 2005, she served a true and accurate copy of

the Answer and Jury Demand of Defendant Merck & Co., Inc. via first-class mail, postage

prepaid, on plaintiff's counsel, Ronald R. Benjamin, Law Office of Ronald R. Benjamin, 126

Riverside Drive, Binghamton, New York 13902 and on counsel for Defendant Pfizer, Inc.,

Christopher Strongosky, DLA Piper Rudnick Gray Cary US LLP, 1251 Avenue of the Americas,

New York, New York 10022.

                                  _____
                                  Sarah A. Binder

Sworn to before me this
 11 day of July, 2005 ,

_Alyssa Benjamin_
Notary Public

ALYSSA BENJAMIN
Notary Public, State of New York
No. 02BE6123029
Qualified in New York County
Commission Expires February 28, 2009

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - x

SAMUELLA CADWELL and ALBERT D.
CADWELL, WILBERT E. CORPREW, et ux.
CAROL CORPREW, ELSA PLOCEK, et ux.
MARIAN PLOCEK, and RONALD H.
SCHAFFER, et ux. BEVERLY SCHAFFER,

                                 Plaintiffs,

-against-

PFIZER, INC., PHARMACIA CORPORATION,
a wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a
wholly-owned subsidiary of PHARMACIA
CORPORATION, and MERCK & CO, INC.,

                                 Defendants.

No.: 106547/05

- - - - - - - - - - - - - - - - - - - - - - - - x

## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
## TO SAMUELLA CADWELL, ALBERT D. CADWELL,
## WILBERT E. CORPREW, CAROL CORPREW, ELSA PLOCEK,
## MARIAN PLOCEK, RONALD H. SCHAFFER, BEVERLY SCHAFFER
## PROPOUNDED BY DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck") propounds the following requests to

plaintiffs Samuella Cadwell, Albert D. Cadwell, Wilbert E. Corprew, Carol Corprew, Elsa

Plocek, Marian Plocek, Ronald H. Schaffer, Beverly Schaffer pursuant to Sections 3102 and

3120 of the Civil Practice Law and Rules. Each plaintiff is requested to respond separately and

in writing on his or her behalf within twenty (20) days of service and to make responsive

documents and things available for inspection and copying within a reasonable time thereafter to

be agreed by the parties.

COUNTY CLERK'S INDEX
No. 106547/05

# Supreme Court

COUNTY OF NEW YORK

SAMUELLA CADWELL and ALBERT D.
CADWELL, WILBERT E. CORPREW, et ux.
CAROL CORPREW, ELSA PLOCEK, et ux.
MARIAN PLOCEK, and RONALD H. SCHAFFER,
et ux. BEVERLY SCHAFFER,

Plaintiffs,

- against -

PFIZER, INC., PHARMACIA CORPORATION, a
wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a wholly-
owned subsidiary of PHARMACIA CORPORATION,
and MERCK & CO., INC.,

Defendants.

**ORIGINAL**

COMBINED DEMANDS OF DEFENDANT
MERCK & CO., INC.

## Hughes Hubbard & Reed LLP

One Battery Park Plaza
New York, New York 10004-1482
Telephone:  212 837-6000

Attorneys for Defendant
MERCK & CO., INC.

By: _Villa B. Hayes_
Villa B. Hayes, Esq.

FILED
JUL 11 2005
NEW YORK
COUNTY CLERK'S OFFICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
SAMUELLA D. CADWELL and ALBERT D
CADWELL, WILBERT E. CORPREW, et ux.
CAROL CORPREW, ELSA PLOCEK, et ux.
MARIAN PLOCEK, and RONALD B. SCHAFFER,
et ux. BEVERLY SCHAFFER,

        Plaintiff,

    - against -

PFIZER, INC., PHARMACIA CORPORATION, a
wholly-owned subsidiary of PFIZER INC.,
PHARMACIA & UPJOHN COMPANY, a wholly-
owned subsidiary of PHARMACIA CORPORATION,
and MERCK & CO., INC

        Defendants.
----------------------------------------X

ACKNOWLEDGMENT OF RECEIPT BY MAIL
OF SUMMONS AND COMPLAINT
Index No.: 106567-05
Date Filed: May 11, 2005

FILED

JUN 23 2005

NEW YORK
COUNTY CLERKS OFFICE

TO:   Merck & Co., Inc.
    One Merck Drive
    P.O. Box 100 WSJAB-05
    Whitehouse Station, New Jersey 08889-0100

    I received a summons and complaint in the above captioned matter at _____

    Please check one of the following:

    1. [X] I am not in the military service.

    2. [ ] I am in the military service, and my rank, serial number and branch of service are as
follows:

        Rank: _____

        Serial Number: _____

        Branch: _____

                TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

        Date: _____
           (Date this Acknowledgment is executed)

    I affirm the above as true/under penalty of perjury.

Signature: _Vilia B Hayes_

Print Name: _VILIA B. HAYES_

Address: _Hughes Hubbard + Reed LLP_
        _One Battery Park Plaza, NY, NY 10004_

Name of Defendant for which acting: _Merck + Co., Inc._

Position with Defendant for which acting (i.e., officer, (attorney) etc.)

_____
        PLEASE COMPLETE ALL BLANKS INCLUDING DATES

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
- - - - - - - - - - - - - - - - - - - - - - - - - - X
                                          :
SAMUELLA D. CADWELL and ALBERT D.         :
CADWELL, WILBERT E. CORPREW, et ux.       :
CAROL CORPREW, ELSA PLOCEK, et ux.        :
MARIAN PLOCEK, and RONALD H.              :
SCHAFFER, et ux. BEVERLY SCHAFFER,        :    **No.: 106547/05**

                            Plaintiffs,   :

-against-                                 :    **AFFIDAVIT OF SERVICE**
                                          :
PFIZER, INC., PHARMACIA CORPORATION,      :
a wholly-owned subsidiary of PFIZER, INC., and :
PHARMACIA & UPJOHN COMPANY, a             :
wholly-owned subsidiary of PHARMACIA      :
CORPORATION, and MERCK & CO, INC.,        :
                                          :
                            Defendants.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - X

       SARAH A. BINDER, being duly sworn, deposes and says that she is over the age

of 18 years and not a party to this action, that she is associated with the firm of Hughes Hubbard

& Reed, counsel for Defendant, and that, on June 22, 2005, she served a true and accurate copy

of the Acknowledgment of Receipt by Mail of Summons and Complaint via first-class mail,

postage prepaid, on plaintiff's counsel, Ronald R. Benjamin, Law Office of Ronald R. Benjamin,

126 Riverside Drive, Binghamton, New York 13902.

                                       Sarah A. Binder

Sworn to before me this
22 day of June, 2005
Notary Public

**ALYSSA BENJAMIN**
**Notary Public, State of New York**
**No. 02BE6123029**
**Qualified in New York County**
**Commission Expires February 28, 2009**

UCS-840 (REV

# REQUEST FOR JUDICIAL INTERVENTION

| Supreme | New York | 106547/05 | 5/11/2005 | For Clerk Only |
|---------|----------|-----------|-----------|----------------|
| COURT | COUNTY | INDEX NO. | DATE PURCHASED | FEB 22 2008 |

PLAINTIFF(S):

Samuela D. Cadwell and Albert D. Cadwell, Wilbert E. Corprew, et ux, Carol Corprew Elsa Plocek, et ux, Marian Plocek, and Ronald H. Schaffer, et ux, Beverly Schaffer,

IAS entry

**NYS UNIFIED COURT SYSTEM** FEB 22 2008 **REVIEWED EF RESOURCE CENTER**

DEFENDANT(S):

Pfizer Inc., Pharmacia Corporation, a wholly-owned subsidiary of Pfizer Inc. and Pharmacia & Upjohn Company, a wholly-owned subsidiary of Pharmacia Corporation, and Merck & Co., Inc.

Judge Assigned

3-6-08

RJI Date 3-6-08

Date issue joined: N/A          Bill of particulars served (Y/N)  ☐ Yes  ☑ No

## NATURE OF JUDICIAL INTERVENTION (check ONE box only AND enter information)

☐ Request for preliminary conference

☐ Note of issue and/or certificate of readiness

☑ Notice of motion (return date: 3/6/2008 )

  Relief sought Motion to Dismiss

☐ Order to show cause (clerk enter return date: _____ )

  Relief sought _____

☐ Other ex parte application (specify: _____ )

☐ Notice of petition (return date: _____ )
  Relief sought

☐ Notice of medical or dental malpractice action (specify: _____ )

☐ Statement of net worth

☐ Writ of habeas corpus

☐ Other (specify: _____ )

## NATURE OF ACTION OR PROCEEDING (check ONE box only)

**MATRIMONIAL**

☐ Contested  ☐ Uncontested — CM / UM

**COMMERCIAL**

☐ Contract — CONT
☐ Corporate — CORP
☐ Insurance (where insurer is a party, except arbitration) — INS
☐ UCC (including sales, negotiable instruments) — UCC
☐ *Other Commercial — OC

**REAL PROPERTY**

☐ Tax Certiorari — TAX
☐ Foreclosure — FOR
☐ Condemnation — COND
☐ Landlord/Tenant — LT
☐ *Other Real Property — ORP

**OTHER MATTERS**

☐ * — OTH

**TORTS**

**Malpractice**

☐ Medical/Podiatric — MM
☐ Dental — DM
☐ *Other Professional — OPM

☐ Motor Vehicle — MV
☑ *Products Liability — PL
  Pharmaceutical
☐ Environmental — EN
☐ Asbestos — ASB
☐ Breast Implant — BI
☐ *Other Negligence — OTN

☐ *Other Tort (including intentional) — OC

**SPECIAL PROCEEDINGS**

☐ Art. 75 (Arbitration) — ART75
☐ Art. 77 (Trusts) — ART77
☐ Art. 78 — ART78
☐ Election Law — ELEC
☐ Guardianship (MHL Art. 81) — GUARD81
☐ *Other Mental Hygiene — MHYG
☐ *Other Special Proceeding — OSP

2002 © Answear LegalNet Inc.

...k "YES" or "NO" for each of the following questions:

Is this action/proceeding against a

YES   NO                                    YES   NO
[ ]   [X] Municipality:                     [ ]   [X] Public Authority:
          (specify _____ )                (specify _____ )

YES   NO
[ ]   [X] Does this action/proceeding seek equitable relief?
[X]   [ ] Does this action/proceeding seek recovery for personal injury?
[ ]   [X] Does this action/proceeding seek recovery for property damage?

Pre-Note Time Frames:
(This applies to all cases except contested matrimonials and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue).

  □ Expedited: 0-8 months      □ Standard: 9-12 months      ☒ Complex: 13-15 months

Contested Matrimonial Cases Only: (Check and give date)

      Has summons been served?          □ No      □ Yes, Date _____

      Was a Notice of No Necessity filed?  □ No      □ Yes, Date _____

ATTORNEY(S) FOR PLAINTIFF(S)

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| □ | See Rider Sheet | | |
| □ | | | |

ATTORNEY(S) FOR DEFENDANT(S)

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| □ | See Rider Sheet | | |
| □ | | | |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

INSURANCE CARRIERS:


RELATED CASES: (IF NONE, write "NONE" below)
Title          Index #      Court          Nature of Relationship

In re: New York Bextra and Celebrex Product Liability Litigation, Index No. 762000/06, Supreme Court, New York County

      I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: 2/8/2008
                              _____
                                   (SIGNATURE)
                              Tiffany L. Christian
                                   (PRINT OR TYPE NAME)
                              Pfizer Inc. (see Rider)
                                   ATTORNEY FOR

          ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION

# E-Filed Document # 9

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: **SHIRLEY WERNER KORNREICH**
                          *Justice*, J.S.C.

PART **54**

| | | |
|---|---|---|
| CADWELL, SAMUELLA | INDEX NO. | 106547/05 E |
| | MOTION DATE | 3/13/08 |
| - v - | MOTION SEQ. NO. | 001 |
| PFIZER INC | MOTION CAL. NO. | |

The following papers, numbered 1 to _____ were read on this motion to/for _____

PAPERS NUMBERED

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...

Answering Affidavits — Exhibits _____

Replying Affidavits _____

> NYS SUPREME COURT
> REVIEWED
> APR 17 2008
> E-FILING DEPT.

Cross-Motion: ☐ Yes ☐ No

Upon the foregoing papers, it is ordered that this motion is withdrawn on

accordance to a stipulation between

the parties dated 3/4/08

FILED

APR 16 2008

COUNTY CLERK'S OFFICE
NEW YORK

RECEIVED

APR 1 6 2008

IAS MOTION
SUPPORT OFFICE

HON. SHIRLEY WERNER KORNREICH

Dated: _4/7/08_

                                   J.S.C.

Check one: ☑ FINAL DISPOSITION ☐ NON-FINAL DISPOSITION

Check if appropriate: ☐ DO NOT POST ☐ REFERENCE

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE _____ FOR THE FOLLOWING REASON(S):

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------- x

IN RE: NEW YORK BEXTRA AND CELEBREX
PRODUCT LIABILITY LITIGATION

Index No. 762000/06

---------------------------------------------------------- x

SAMUELLA D. CADWELL and ALBERT D. CADWELL,          Index No. 106547/05
WILBERT E. CORPREW, et ux. CAROL CORPREW,
ELSA PLOCEK, et ux. MARIAN PLOCEK, and RONALD
H. SCHAFFER, et ux. BEVERLY SCHAFFER,

Plaintiffs,

-against-

STIPULATION OF
DISMISSAL WITH
PREJUDICE AGAINST
PFIZER DEFENDANTS

PFIZER INC., PHARMACIA CORPORATION, a wholly-
owned subsidiary of PFIZER INC., and PHARMACIA &
UPJOHN COMPANY, a wholly-owned subsidiary of
PHARMACIA CORPORATION, and MERCK & CO.,
INC.,

Defendants.

---------------------------------------------------------- x

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to the above-

entitled action through their respective attorneys, that whereas no party hereto is an infant,

incompetent person for whom a committee has been appointed or conservatee and no person not

a party has an interest in the subject matter of this action, all claims asserted against Pfizer Inc.,

Pharmacia Corporation, and Pharmacia & Upjohn Company ("Pfizer Defendants") in the

Complaint in the above-entitled action are dismissed with prejudice and without costs to any of

the parties as against the other. This Stipulation may be filed without further notice with the

COURTESY COPY
Original E-filed as
Document #

Clerk of the Court.  A facsimile copy of this Stipulation shall have the same effect as the

original.

Dated:  New York, New York
        March 5      , 2008

LAW OFFICE OF RONALD R. BENJAMIN          DLA PIPER US LLP

By:                                       By:
    Ronald R. Benjamin                        Christopher M. Strongosky
    126 Riverside Drive                        Tiffany L. Christian
    P.O. Box 607                               1251 Avenue of the Americas
    Binghamton, New York 13902-0607            New York, NY 10020-1104
    607-772-1442                               212-335-4500

*Attorneys for Plaintiffs*                *Attorneys for Pfizer Defendants*


HUGHES HUBBARD & REED LLP

By:
    Vilia B. Hayes
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Merck & Co., Inc.*

08 17:24 FAX
03/2008  11:33    212-403-5559                    H&R LLP 119                    ☐018/028
                                                  DLA PIPER US LLP               PAGE  21/31

Clerk of the Court.  A facsimile copy of this Stipulation shall have the same effect as the

original.

Dated:  New York, New York
        March 4 , 2008

LAW OFFICE OF RONALD R. BENJAMIN            DLA PIPER US LLP

By: _____              By: _____
    Ronald R. Benjamin                         Christopher M. Strongosky
    126 Riverside Drive                        Tiffany L. Christian
    P.O. Box 607                               1251 Avenue of the Americas
    Binghamton, New York 13902-0607            New York, NY 10020-1104
    607-772-1442                               212-335-4500

*Attorneys for Plaintiffs*                  *Attorneys for Pfizer Defendants*

HUGHES HUBBARD & REED LLP

By: *Vilia B. Hayes*
    Vilia B. Hayes
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Merck & Co., Inc.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------- x
                                                          :   Index No. 762000/06
IN RE: NEW YORK BEXTRA AND CELEBREX            :
PRODUCT LIABILITY LITIGATION                            :
                                                          :
                                                          :
-------------------------------------------------------------- x
SAMUELLA D. CADWELL and ALBERT D. CADWELL,   :   Index No. 106547/05
WILBERT E. CORPREW, et ux. CAROL CORPREW,        :
ELSA PLOCEK, et ux. MARIAN PLOCEK, and RONALD  :
H. SCHAFFER, et ux. BEVERLY SCHAFFER,                 :
                        Plaintiffs,                            :
                                                          :
     -against-                                            :   STIPULATION OF
                                                          :   DISMISSAL WITH
PFIZER INC., PHARMACIA CORPORATION, a wholly-     :   PREJUDICE AGAINST
owned subsidiary of PFIZER INC., and PHARMACIA &   :   PFIZER DEFENDANTS
UPJOHN COMPANY, a wholly-owned subsidiary of        :
PHARMACIA CORPORATION, and MERCK & CO.,           :
INC.,                                                     :
                        Defendants.                      :
-------------------------------------------------------------- x

       IT IS HEREBY STIPULATED AND AGREED, by and between the parties to the above-

entitled action through their respective attorneys, that whereas no party hereto is an infant,

incompetent person for whom a committee has been appointed or conservatee and no person not

a party has an interest in the subject matter of this action, all claims asserted against Pfizer Inc.,

Pharmacia Corporation, and Pharmacia & Upjohn Company ("Pfizer Defendants") in the

Complaint in the above-entitled action are dismissed with prejudice and without costs to any of

the parties as against the other. This Stipulation may be filed without further notice with the

82/39/2008  13:44    212-483-5693              DLA PIPER US LLP                    PAGE  18/48

Clerk of the Court.  A facsimile copy of this Stipulation shall have the same effect as the

original.

Dated:  New York, New York
        March 5        , 2008

LAW OFFICE OF RONALD R. BENJAMIN

By: _____
    Ronald R. Benjamin
    126 Riverside Drive
    P.O. Box 607
    Binghamton, New York 13902-0607
    607-772-1442

*Attorneys for Plaintiffs*


DLA PIPER US LLP

By: _____
    Christopher M. Strongosky
    Tiffany L. Christian
    1251 Avenue of the Americas
    New York, NY 10020-1104
    212-335-4500

*Attorneys for Pfizer Defendants*


HUGHES HUBBARD & REED LLP

By: _____
    Vilia B  Hayes
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Merck & Co., Inc.*

Clerk of the Court.  A facsimile copy of this Stipulation shall have the same effect as the

original.

Dated:  New York, New York
          March 4    , 2008

LAW OFFICE OF RONALD R. BENJAMIN            DLA PIPER US LLP

By: _____                By: _____
    Ronald R. Benjamin                         Christopher M. Strongosky
    126 Riverside Drive                        Tiffany L. Christian
    P.O. Box 607                               1251 Avenue of the Americas
    Binghamton, New York 13902-0607            New York, NY 10020-1104
    607-772-1442                               212-335-4500

*Attorneys for Plaintiffs*                  *Attorneys for Pfizer Defendants*

HUGHES HUBBARD & REED LLP

By: _____
    Vilia B. Hayes
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Merck & Co., Inc.*